All right, our third case for this morning is Greenhill against Vartanian, Mr. Kirkonian. Good morning, and may it please the court. I'm Karna Kirkonian on behalf of Defendant Appellant Vartanian. This matter is up on de novo review of a grant of summary judgment to plaintiff in a case involving a certain P-51 Mustang aircraft. Counsel, what exactly do you think we are reviewing? I wonder whether we have appellate jurisdiction. The district court said that Greenhill and the plaintiffs were entitled to a declaratory judgment, and I've searched the record to try to find that declaratory judgment, and I couldn't find it. Am I missing something? Your Honor, the only surviving claim in this case that was brought that was... I didn't ask about surviving claims. I asked whether the district court has entered a declaratory judgment. Your Honor, the district court at Appendix A-9 and A-17 said that the plaintiff wins. Yeah, I know the district judge said that, so that the next thing that should happen is the judge should now enter the declaratory judgment to which the judge believes the plaintiffs are entitled. The question I'm asking is, did the judge ever do that? And if the judge didn't do it, do we have a final decision? If this is still pending in the district court, waiting for the judge to finish the job, we don't have a final decision yet. So did the district judge finish the job? The district judge did not enter the words of a declaratory judgment. Yeah, well, is that a problem? I believe it is a problem. It is a problem, Your Honor. It is a problem because the outcome of the case, Your Honor, states that the plaintiff has prevailed. No, the problem is there is no outcome yet. Part of what you're complaining about in your brief is the nature of the relief given. But since I can't find any relief given, arguments about its nature seem to be premature. Judge Easterbrook, there is no specific language entered by the district court. However, the assumption made, Your Honor, is the fact that the declaratory judgment that is, in effect, entered. District judge wrote an opinion saying that the plaintiffs are entitled to a declaratory judgment and then didn't enter one. That's the problem. And it's a problem with our jurisdiction, a potential problem with our jurisdiction. The point is well taken, Your Honor. I believe that if it were to be interpreted that the court does have jurisdiction over the declaratory judgment action, the declaratory judgment entered by the district court, Your Honor. We believe that the first and foremost, the court relieved AmFib of its burden in its declaratory judgment claim to make an evidentiary showing that it has legal and marketable title. Well, I'm going to back up and say, you know, the only hope for you really is to say that the district court violated Rule 58 and it violated some other rules in not distilling whatever judgment it's going to declare about this P-51 Mustang fighter jet, but that somehow we can see what the declaratory judgment meant. In which case, I mean, we've seen district judges violate Rule 58 regularly, so that might not necessarily be a jurisdictional problem. Not to mention Rule 65. Not to mention Rule 65. We look for that too. All the time, district court says X is entitled to relief and then doesn't enter it. And it's something of a surprise because the plaintiffs might actually want a judgment. If they want quiet title, they might want a judgment in their favor, which they don't have. I would half expect the appellants to be the plaintiffs saying, the district judge said we're entitled to relief and then didn't give us any. But I don't think they're, I mean, I wouldn't jump right to these burden of proof things, because if we park the declaratory judgment issue off to one side, it seems pretty clear the judge's primary concern about this is under no way could the judge find this action to be timely. Whether as a matter of statutes of limitations, or whether as a matter of latches, or any other theory you might want to say. And all of the things that concern us about stale claims seem to exist here. All sorts of people have died. We have, you know, other people who aren't clearly recalling things. And, you know, you can't just litigate forever. Let me address those points, Your Honor. I think that it's important to identify the fact that the counterclaims are two in this case. Vartanian himself has a declaratory judgment action and a conversion claim. But it needs to be based on a live claim. Your Honor, and I'm going to refer you to section 2201. The Declaratory Judgment Act claim states that the rights and other legal relations of an interested party seeking such a declaration. I understand. I don't think there's a member of this panel that isn't probably able to read that along with you. But you don't get an exemption from statutes of limitations because you've flipped the parties and now the presumptive defendant looks like a plaintiff and so on. You need to look and see what would the statute be in the, quote, actual lawsuit. I understand that, Your Honor. My point is that the declaratory judgment action sounds in two theories, Your Honor. And you can get that from the actual language of the actual counterclaim. The relief sought in subparagraph A sounds in conversion. Yes. But when did the conversion happen? The... No, just answer that question. When do you think the conversion happened? The conversion, which is the exercise of dominion, has been an ongoing... No, no, no, no. This is not a continuing violation. At what moment... It's not an adverse possession claim, in other words. Conversion happens at a time. Adverse possession happens continuously. Right. So there was a time, whether it was when the thing got taken from the hangar in New York or... There's a time. So when was this conversion? I think that the question... The conversion... When was the plane taken wrongfully? When was there... When did the suspicions of Mr. Bartanian convert to actual knowledge, Your Honor? Those are questions that the trier of fact should have made a determination. No. It doesn't have to be actual knowledge. Sorry? It doesn't have to be actual knowledge. It doesn't have to be actual knowledge, but it has to be sufficient knowledge that a wrongful injury was... Of course. Inquiry notice. And this record is filled with dates. So 2002, I'll just pick randomly, Mr. Bartanian learns that Martin sold the plane to Greenhill. He hires a lawyer in 2004 to draft a complaint. The lawyer unfortunately passes away, but that tells you that he's well aware that there's something amiss here and that he might want to pursue legal action. A complaint, by the way, which includes similar claims as the complaint filed here. Well, I think that those are disputed facts, Your Honor. Just to make clear, in the record is a... How can that be disputed that what your client specifically has done? And let me take probably the most obvious of what your client did. Your client in 2009 sent a letter to Pat Fitzgerald, who was the US attorney at the time, asking for criminal action because the plane had been stolen from him or taken from him. If I may... How can that be a disputed fact when the letter to Mr. Fitzgerald was part of what's at issue in the underlying record? Let me address both of those questions, Your Honor. First, with respect to the complaint or the alleged complaint. This record doesn't contain a complaint, Your Honor. If you read the deposition testimony, it's very clear that we're talking about a cover sheet. A cover sheet that lists the exact causes of action that are brought in this case. Which the record also reflects... And the same parties. Not all the same parties, but yes, there are similarities. You're right, Your Honor. But the point is that, Mr. Vartanyan, those are disputed facts in the statement of facts. Mr. Vartanyan said that that complaint was not... That cover sheet was not prepared on his behalf. So the court's reliance on that... Isn't he the one who produced that cover sheet? He is, Your Honor. And didn't he admit that it was something he had seen back at the time? Whether it was prepared on his behalf or not? Yes, he did admit that he had seen it before, yes. Okay, so he sees that there's a potential cause of action, whether he directed it to be created. How is he not on inquiry notice? Your Honor, I believe that the evidence that is with respect to the complaint is overstated. It's overstated because of the fact that the... But the complaint, the first page of the complaint was admitted into evidence. The first claims would be that your client could bring against the plaintiff here. And it's essentially the same claims that he has counter-claimed with here. Again, whether or not he directed that complaint to be prepared, he's admitted and he produced that document, and he's admitted that he had it back at the time. How could that not put him on notice that he might have a lawsuit against the plaintiffs here for the plane that's at issue? Your Honor, I believe that the question is not whether or not he's on notice that there might be a lawsuit here. The critical thing here is in 2013, he actually found out what the issue was with this aircraft. Well, no, the critical issue is when he was on notice that the plane may have been wrongfully taken from him. And if he has a face sheet or the cover sheet of a complaint, that he is bringing against the person who allegedly wrongfully took this plane, for the same causes of action pertaining to the wrongful taking of the plane, how is he not on notice? I mean, notice doesn't mean certainty. We've said that before. You don't have to have all of the elements of the case right in front of you. And the inquiry notice, of course, just available to you so that you can develop a greater level of certainty. And then if you think you have enough to survive Rule 11 and file a case, then discovery is available. But it does involve knowledge. Okay. Let's move on then to 2009, when he sends the letter to Mr. Fitzgerald and says to him, and he personally sends this letter, that Mr. Martin, quote, through theft, obtained illegal possession, close quote, of the aircraft. How is he not on notice? Those are his own words. I think, Your Honor, in order to unpackage that the right way, you need to look at the response from the U.S. Attorney's Office. He says I recommend you hire a private lawyer. Or a private investigator, Your Honor. A private investigator, which the question of what Mr. Bartanian knew or should have known is a question of fact. Whether he knew that the burdens for a criminal action are different than that of a civil action is an issue that should have gone to the trier of fact. Why is that even pertinent to the statute of limitations? It's pertinent, Your Honor, because the question is whether or not he had not. Statute of limitations begins to run when you know you've been injured and by whom. You don't have to know enough to win. Your whole brief treats the statute of limitations as a rest and recuperation after you have in hand everything you are ever going to use to prove your claim. That's not how any state treats it. It's not how the federal government treats it. It's the period for investigation after you know of injury. What my colleagues are asking is how can Bartanian deny that he knew of his injury way back in 1985 and lots of other times since? The way he's able to argue that position or make that statement, Your Honors, is the fact that the plane that was taken was concealed. The serial numbers were taken off. A new serial number was put on from a plane that had crashed in Nicaragua. But he knew he didn't have his plane. His plane vanishes from the hangar. In 1985. And he knew it. And he goes to federal authorities and says it's been wrongfully taken from him. And, by the way, Martin has it. So he knew that it was wrongfully taken and he knew who had it. How can you claim concealment at that point? And federal authorities say that there is nothing. The U.S. attorney, as he often does, says this isn't something the United States is going to to pursue it yourself. Anyway, if you want to save a little bit of rebuttal time, I would recommend you do that. Thank you. Mr. Sharkey. Good morning, Your Honors. May it please the court, John Sharkey on behalf of Charles Greenhill and Amphib. Well, Mr. Sharkey, you can tell where I'm going to begin. I know exactly why. Why aren't you the appellant? Your Honor, I understand exactly the point you're making. Did you ever go to the district judge and say, you said my clients are entitled to a declaratory judgment? Please enter one. When he entered summary judgment, Your Honor, saying that Bartanian had no right to the plane, he gave us the declaration. No, he did not. A declaratory judgment is a separate piece of paper containing the declaratory relief. You got a favorable opinion. What you needed was a favorable judgment. And often what we need for appellate jurisdiction is, well, any kind of judgment. Is there any kind of judgment in this case? There is a judgment that's been entered on Mr. Bartanian's claims. Yes. But it's partial. And where is it? It disposes of both of his claims. Are you referring to what's in the appendix at 818? Correct. The judgment order? Correct. The problem is that it doesn't do anything. Well, Your Honor, given the... It doesn't provide a declaratory judgment. It doesn't say anything. Well... Right. I mean, it says plane of winds, but there's no sentence. To put it differently, we've said, pretty much until we're blue in the face, a piece of paper saying judgment is entered is completely useless. What you need to know is, what are the terms of the judgment? What is the relief that the prevailing party gets? A judgment, it is hereby ordered on a judge that judgment is entered. It's, nothing happens. That's the problem. Now, it may be that under banker's trust against malice, a completely useless judgment is nonetheless appealable, because it does suggest that the district judge is done. But your client still has no relief. If we affirm this thing, your client still has no relief. I understand, Your Honor. But as far as whether a particular declaration was needed for what the plaintiffs were needed... Well, what you wanted was something that said, as I understand it, that Mr. Vartanian has no claim to this aircraft. Yeah. Simple, I mean, it's a sentence. Very simple. Correct. And one can deduce from the district court's opinion that that's where he was going, but he never actually reduces this. Now, sometimes this court issues a limited remand to the district court so that it can finish up the case, and then maybe the same panel would proceed with the appeal from that point. And maybe sometimes there might be something else that could be done. So with that in mind, I think I'm going to let you argue the rest of your case, but this is a serious issue. And I will add, if it's not already clear, I don't understand why, when things get administratively fouled up in the district court, the parties don't go to the district judge and say, please enter a proper judgment. It's really, really simple. Mr. Sharkey, the summary judgment ruling says that defendants' claims are time barred and therefore, plaintiff's motion for summary judgment is granted. Correct. In your complaint for declaratory relief, you were seeking a declaration that AmFib has legal and marketable title to the aircraft. Correct. That seems to have been narrowed to a declaration that Mr. Vartanian does not have any rights to this airplane, as opposed to the broader AmFib has legal and marketable title. Is that correct? That is correct. Okay. So you're agreeing, you are not seeking a declaration as broad as AmFib has legal and marketable title to this airplane. The problem, Your Honor, that we confronted was Illinois, there's no mechanism in Illinois law to quiet title the personal property. So we looked at it and we said, well, what can we get? Since we can't get that, what can we get? I just want to clarify because what you asked for, for relief in your complaint seems different, although it's a little hard to tell from the ruling, which is part of the issue here. It seems different than what you were seeking initially. Is that fair? It is. We will accept what the district court has given us, if I could say it that way. I guess that's a little unclear. Are you just seeking declaration that Mr. Vartanian does not have a claim to this aircraft? Correct. Okay. And so that sentence, wherever the district court may or may not have said it, is what you would like to have. Right. Okay. Right. So if you think about it, and Judge Wood, you've clearly, conceptually, you've gone there. The parties are flipped here. So this would ordinarily be a defense that Vartanian could not bring a claim because the statute of limitations has run. I've got another procedural question. The parties are assuming that Illinois law applies. Is that true? We believe it is. Why? Because the plane is here. Mr. Greenhill is here. Who's operating this registration system? The Federal Aviation. This is an aircraft used in interstate commerce. It's registered in a federal registration system. Why aren't ownership issues, as between competing claimants, governed by federal law? Your Honor, we confronted that at the outset of the case. And I've got a case, a Seventh Circuit case, that confronts that issue and says the title in an aircraft case is to be determined as a matter of state law. Okay. Well, I appreciate that. If you could cite that to us, perhaps in a Rule 28J letter, it would avoid one other potential issue. I would be happy to do that, Your Honor. And that's why, as the case was initially pled, one of the bases of jurisdiction was Section 1331. Because we thought there might be an issue that would raise the federal question. But I'm happy to submit that to the court. Thank you. I think the court agrees with the district court to the extent that it has, I'll say, ruled that the continuing harm doctrine does not apply here. And the issue of, I just want to go back and kind of touch on the issue of when Mr. Bartanian knew that the claim was gone. In a case decided by Judge Bucklow, that's the Nelson case we've cited, it goes to the point of knowledge and when it's ascertained. And what I heard Mr. Karkonian saying over and over again is that it really matters when Mr. Bartanian knew. But that is not the law. The law is what a reasonable person under like circumstances should have known and should have done to investigate. And to that point, in the Nelson opinion, Judge Bucklow says in this case it was dealing with theft of a painting. Judge Bucklow recognizes that the plaintiff knew of his injury when the return of his painting was refused. And since he claims to have always been the rightful owner, he knew it was wrongfully withheld at that time. So there are many points along the way. But the record is clear that in 1985, shortly after Ronald Reagan defeated Walter Mondale for president, when the Macintosh computer was introduced to the market, was the time at which- Not Judge St. D, she's too young. That is the time frame when Mr. Bartanian was aware that his aircraft disappeared from the Fulton County Airport. I think in 85, Senator Mondale hadn't even been nominated for- Oh, yeah, I'm sorry. That happened in 84. It's so hard to keep 84 and 85 together. But Judge Easterbrook has been on this court since 1985. It was Super Bowl XVIII. Judge Easterbrook has been on this court since 1985. That's hard to remember, too. So what's the last date? It's in 2012 or so, isn't it? As long as we know that he knew up to... I'm just trying to remember the date. He contends in 2013. No, but in terms of the statute of limitations, I thought the period of time went up to 2012. As long as you could show that he knew before a certain date. If you accept the 2009 date is the last date where he's telegraphing to everyone that he knows that there's, or at least he thinks there's a wrong. The claim is still untimely by many years. Right. Okay, that's fine. Unless the panel has any questions. I see none. Thank you very much. Thank you very much. I'll give you a minute, Mr. Kerkonian. Thank you, Your Honor. Really quickly, I think we've understood that the other side has conceded the point that the declaration that they're seeking is not that Amphib has legal and marketable title to the aircraft. I want to speak of Bartania's declaratory judgment claim. I believe the court conflated the declaratory judgment claim with the conversion claim. So even if the conversion statute of limitations is applied to the conversion counterclaim, it does not need to be and should not be applied to the declaratory judgment claim to the extent that it seeks declaratory relief. And that you can find in subparagraph A of the relief sought in that counterclaim. In other words, there is, Bartania does not have to prove any of the elements of conversion to get the relief he seeks in subparagraph A, which is a declaration of the respective rights of the parties with respect to the P-51 and a declaration that he has legal and marketable title. Okay, I think you need to finish up. Thank you, Your Honor. Thank you very much. Thanks to both counsel. We'll take the case under advisement.